UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COHN CHIROPRACTIC CLINIC, A PROFESSIONAL CHIROPRACTIC CORPORATION | * * * * | CIVIL ACTION: |
| VERSUS | * * | JUDGE: |
| STATE FARM FIRE AND CASUALTY COMPANY | * * * * | SECTION: MAGISTRATE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF REMOVAL

**NOW COMES**, through undersigned counsel, Defendant State Farm Fire and Casualty Company ("State Farm"), who, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this matter from the 15th Judicial District Court for the Parish of Lafayette to the docket of this Honorable Court.

**I.      INTRODUCTION**

1.      This is a case involving insurance coverage. On March 10, 2021, Plaintiff Cohn Chiropractic Clinic, a chiropractic office located in Lafayette, Louisiana, filed its Petition for Declaratory Judgment in the 15th Judicial District Court for the Parish of Lafayette, Louisiana. Exhibit C. Therein, Plaintiff alleges that it sustained losses following business closures during the COVID-19 pandemic, and that its losses are covered by State Farm policy number 98-BL-W174-1 (the "Policy"); the declarations page of the Policy and the "Loss of Income and Extra Expense" endorsement thereto are attached as Exhibit D.

1

2.     Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant.

3.     Plaintiff alleges multiple causes of action against Defendant, State Farm, related to State Farm's handling of an insurance claim submitted by Plaintiff following the COVID-19 outbreak. Generally, Plaintiff alleges its State Farm policy provides coverage for Plaintiff's loss of income and extra expenses following the cessation of its business caused by various government orders related to COVID-19. Specifically, Plaintiff alleges breach of the insurance contract and seeks "a declaration that [State Farm's] conduct as alleged herein is unlawful and in material breach of the Policy" and injunctive relief "enjoining [State Farm] from continuing to engage in conduct related to the breach of the Policy." Exhibit C at "Prayer for Relief." Plaintiff seeks damages in an unspecified amount for State Farm's alleged breach of the Policy's Loss-of-Income, Extra Expense, and Civil Authority provisions. Exhibit C at ¶¶ 53-56, 67-70, 80-83. Plaintiff further prays for attorney's fees, costs, and prejudgment and post-judgment interest. Exhibit C at "Prayer for Relief."

4.     Defendant was served with Plaintiff's petition for declaratory judgment on March 23, 2021. Defendant did not file an Original Answer in state court prior to removal, and thus will file its initial responsive pleading in accordance with Federal Rule of Civil Procedure 81(c).

5.     Defendant now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Lafayette Parish state court in which this case was previously pending.

## II. GROUNDS FOR REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A. Complete Diversity Exists Between the Parties

7. Plaintiff Cohn Chiropractic Clinic, a Professional Chiropractic Corporation, is a corporation organized under the laws of Louisiana. Its principal office is located at 3804 Johnston Street, Lafayette, Louisiana. Accordingly, pursuant to 28 U.S.C. § 1332(c)(2), Plaintiff is a citizen of Louisiana.

8. State Farm Fire and Casualty Company was, at the time this action was commenced, and still is, a citizen of Illinois, pursuant to 28 U.S.C. § 1332(c)(1).

### B. The Amount in Controversy Exceeds $75,000.00

9. A federal court has diversity jurisdiction over a matter if the parties are of diverse citizenships and if the matter in controversy "exceeds $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a).

10. The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount." *Id*.

11. To meet this burden, the defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and, if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014); *see also Yor-Wic Constr. Co., Inc. v. Eng'g Design Techs., Inc*., 2017 WL 3447808, at *2 (W.D. La. Apr. 19, 2017), report and recommendation adopted, No. CV 17-0224, 2017 WL 3431845 (W.D. La. Aug. 9, 2017).

12. Here, Plaintiff, a chiropractic clinic, alleges it lost revenue and business opportunities when its operations were suspended and access to its clinic was restricted following the outbreak of the COVID-19 pandemic. *See* Exhibit C at ¶ 39. Plaintiff seeks monetary damages for these alleged losses under the Policy's Loss of Income and Extra Expense coverages. Exhibit C at ¶¶ 53-56, 67-70.

13. A survey of more than 400 chiropractors by *Chiropractic Economics* magazine showed that the average gross collections of a chiropractic practice in 2020 was $448,015 nationally, and $477,634 in the South. See *Chiropractic Economics* 23rd Annual Salary & Expense Survey, attached hereto as Exhibit E at PDF p. 9 (p. 30).

14. Further, in accordance with its terms, conditions, and provisions (all of which are incorporated by reference as if fully set forth herein) the Loss of Income and Extra Expense portion of the policy provides coverage up to the amount of the actual loss sustained for a limit of twelve months. Exhibit D at p. 6.

15. According to Plaintiff's website, Plaintiff operates not just one but two chiropractic clinics in Lafayette Parish, Louisiana: one in Lafayette, Louisiana, and one in Broussard, Louisiana. See Excerpts of Cohn Chiropractic website (https://cohnchiro.com), attached hereto as Exhibit F. Plaintiff's website states that its chiropractor, "Dr. Rowdy Gautreau is a graduate of Texas

Chiropractic College. He was the vice president of his class, and he was also the president of the Council On Sports Injuries (COSI). COSI is an organization that specializes in the management of sports injuries. He is also certified in advanced soft tissue mobilization techniques, such as Active Release Technique and Graston Technique. This allows him to treat sports injuries, auto accident injuries, neck and back pain, and upper and lower extremity problems. He is a member of the American Chiropractic Association and the Louisiana Chiropractic Association." *Id.*

16. Plaintiff alleges that "[a]s a result of governmental orders and state-wide shut downs, Plaintiff has been forced to greatly reduce operations and has suffered immense financial losses" and that "[t]he wide spread pandemic, and specifically the Governor of Louisiana's Executive Orders, in response to the pandemic, have forced Plaintiff to suspend most of their operations and in turn has prohibited access to the Plaintiff's clinic and office." Exhibit C at ¶¶ 5 & 17.

17. Plaintiff further alleges that "Louisiana has issued stay-at-home orders for the entire state through order Proclamation Number 25 JBE 2020 on March 11, 2020 and continued until orders were ended on June 4, 2020" – a period of 85 days – "when Louisiana entered into phase 2. However, Phase 2 was not a complete reopening and limitations still existed on what business could reopen and what restrictions were in place." Exhibit C at ¶ 10.

18. Assuming Plaintiff's business represents an average chiropractic practice nationally, any closure of Plaintiff's chiropractic business for a period of 62 days or longer would result in a loss of gross collections greater than $75,000 from the chiropractic practice alone, based on data from other chiropractic clinics in the United States. Assuming Plaintiff's business represents an average chiropractic practice regionally, any closure of Plaintiff's chiropractic business for a period of 58 days or longer would result in a loss of gross collections greater than $75,000 from the chiropractic practice alone, based on data from other chiropractic clinics in the South. This amount does not

5

include any amount of extra expenses also claimed by Plaintiff. Thus, Plaintiff's claims plausibly exceed the jurisdictional threshold, which warrants removal of this matter.

### III. VENUE

19. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 15th Judicial District Court for the Parish of Lafayette.

### IV. PROCEDURAL REQUIREMENTS

20. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
| --- | --- |
| A. | Certified Copy of State Court Record |
| B. | State Farm's Certificate of Compliance |
| C. | Plaintiff's Petition for Damages |
| D. | Declarations Page and "Loss of Income and Extra Expense" Endorsement of State Farm Policy Number 98-BT-Q670-6 |
| E. | *Chiropractic Economics* 23rd Annual Salary & Expense Survey |
| F. | Excerpts from website of Cohn Chiropractic Clinics (located at https://cohnchiro.com/about/) |

21. The amount in controversy is not facially apparent from the face of Plaintiff's Petition and, therefore, the thirty (30) day statutory deadline for removal has not yet begun to run. However, this Notice of Removal is nonetheless being filed within thirty (30) days of service of the citation and Plaintiff's Petition on March 23, 2021 and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and Defendant with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

{S0214460.1}

22. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice. Exhibit A.

23. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same. Exhibit B.

24. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 15th Judicial District Court for Lafayette Parish, Louisiana promptly after filing of same. Exhibit B.

25. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served join and consent to the removal of this action. Defendant State Farm Fire and Casualty Company is the sole defendant named in Plaintiff's Petition.

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company, prays that this Notice of Removal will be deemed good and sufficient and that this matter will be accepted onto this Court's docket.

        Respectfully submitted,

        */s/ Robin D. Cassedy*
        DAVID A. STRAUSS (24665)
        ROBIN D. CASSEDY (36408)
        STRAUSS MASSEY DINNEEN LLC
        935 Gravier Street, Suite 1450
        New Orleans, Louisiana 70112
        Telephone: (504) 380-0290
        Facsimile:  (504) 332-8434
        dstrauss@smd-law.com
        rcassedy@smd-law.com

        *Attorneys for State Farm Fire and Casualty Company*

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record either by hand delivery, email, facsimile, or by placing the same in the United States mail, properly addressed and postage pre-paid on April 22, 2021.

              */s/ Robin D. Cassedy*
              _____
              ROBIN D. CASSEDY