UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **COHN CHIROPRACTIC CLINIC,** | * NO.: 6:21-cv-01076 |
| **A PROFESSIONAL CHIROPRACTIC** | * |
| **CORPORATION** | * JUDGE: |
| | * ROBERT R. SUMMERHAYS |
| **VERSUS** | * |
| | * |
| **STATE FARM FIRE AND** | * MAGISTRATE JUDGE: |
| **CASUALTY COMPANY** | * CAROL B. WHITEHURST |
| | * |

**************************************************************************

## STATE FARM'S MOTION TO DISMISS
## PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM

State Farm Fire and Casualty Company ("State Farm"), per Federal Rule of Civil Procedure 12(b)(6), moves this court for dismissal, with prejudice, of the claims presented herein by Plaintiff, Cohn Chiropractic Clinic ("Plaintiff").

Plaintiff sued State Farm Fire and Casualty Company ("State Farm") for coverage under Businessowners Insurance Policy (the "Policy") for business interruption losses that Plaintiff allegedly sustained "because it has reduced the operations of its business due to Proclamation Number 25 JBE 2020 and the subsequent executive orders issued by the Governor of Louisiana" that were issued "in response to the [COVID-19] pandemic." Plaintiff seeks a declaration that State Farm breached the Loss of Income and Extra Expense Endorsement (the "Endorsement") of the Policy. Plaintiff also asserts claims for breach of contract and injunctive relief.

Plaintiff's claims fail, as a matter of law, because: (1) State Farm's Virus Exclusion bars Plaintiff's claim and (2) Plaintiff has not pled "accidental direct physical loss to" property, which is required for coverage. Every Louisiana court to address the question of coverage for business losses

related to Covid-19 has held the policies do not provide coverage for this type of loss. Notably, in *Muriel's New Orleans, LLC v. State Farm Fire and Casualty Co.*, 2021 WL 1614812 (E.D. La. Apr. 26, 2021), Chief Judge Brown held, as a matter of law, that State Farm's "Virus Exclusion unambiguously excludes coverage for losses resulting from COVID-19," including those due to Louisiana government orders responding to the COVID-19 pandemic. *Id.* at *10. The court also found, as a matter of law, that the plaintiff's allegations of the restricted use of its premises due to government orders did not establish the requisite accidental direct physical loss to covered property. *Id.* at *8-9.

Similarly, in *Q Clothier New Orleans LLC v. Twin City Fire Insurance Co.*, 2021 WL 1600247 (E.D. La. Apr. 23, 2021), Judge Lemelle granted judgment on the pleadings, as a matter of law, for the defendant insurer on nearly identical claims. As here, the plaintiff alleged it sustained business losses as a result of Louisiana government orders restricting non-essential business operations in order to minimize the spread of COVID-19. The court found that the plaintiff failed to allege that "its property sustained physical and demonstrable alteration," as required by the policy and Louisiana law. *Id.* at *7. The court also held that the policy's virus exclusion barred coverage, as a matter of law, because the COVID-19 virus was in the chain of causation since the government orders, as here, were issued to reduce the spread of the virus. *Id.* at *7-9.

Likewise, in *Lafayette Bone & Joint Clinic, Inc. v. Transportation Insurance Co.*, 2021 WL 1740466 (W.D. La. May 3, 2021), Judge Cain dismissed similar claims, as a matter of law, holding that the alleged possible presence of COVID-19 at the plaintiff's premises and government COVID-19 orders do not cause direct physical loss to property. *Id.* at *2-4; *accord St. Pierre v. Transp. Ins. Co.*, 2021 WL 1709380, at *2-3 (W.D. La. Apr. 29, 2021) (Cain, J.). As the *Lafayette* court recognized, "courts within the Fifth Circuit have required a 'distinct, demonstrable, physical alteration of the property' to trigger coverage.'" 2021 WL 1740466, at *3 (citations omitted).

Consistent with these Louisiana federal district court rulings, federal district courts in Texas, Michigan, California, and Florida and two Illinois Circuit Courts have each rejected, as a matter of law, claims against State Farm for alleged business interruption losses resulting from similar government COVID-19 orders.  In *Diesel Barbershop, LLC v. State Farm Lloyds*, 479 F. Supp. 3d 353 (W.D. Tex. 2020), the court granted State Farm's motion to dismiss with prejudice, holding that the plaintiffs had not pled a "direct physical loss" as required by the Policy and that, in any event, the "plain language" of the Virus Exclusion barred the plaintiffs' claims.  *Id.* at 360-62.  Likewise, in *Turek Enterprises, Inc. v. State Farm Mutual Automobile Ins. Co.*, 484 F. Supp. 3d 492 (E.D. Mich. 2020), the court dismissed the plaintiff's claims with prejudice, ruling that the plaintiff's suspension of its business operations due to government COVID-19 orders did not constitute the requisite "direct physical loss" to property and also that the Policy's "plain, unambiguous" Virus Exclusion "negates coverage."  *Id.* at 500-05.  In *It's Nice, Inc. v. State Farm Fire & Casualty Co.*, No. 20-L-547 (Ill. Cir. Ct. DuPage Cnty. Sept. 29, 2020) (Transcript ("Tr.") and Order attached as Ex. B), and *Jaewook Lee, d/b/a Evanston Grill v. State Farm Fire & Casualty Co.*, 2021 WL 261545 (Ill. Cir. Ct. Cook Cnty. Jan. 13, 2021), two Illinois circuit courts dismissed with prejudice business interruption claims against State Farm, holding that the Virus Exclusion barred the plaintiff's claims and that COVID-19 government orders could not cause the "accidental direct physical loss" to property required for coverage.  *It's Nice*, Tr. at 27-34; *Evanston*, 2021 WL 261545, at *3-6; *see also Karen Trinh, DDS, Inc. v. State Farm Gen. Ins. Co.*, 2020 WL 7696080, at *3-4 (N.D. Cal. Dec. 28, 2020); *HealthNOW Med. Ctr., Inc. v. State Farm Gen. Ins. Co.*, 2020 WL 7260055, at *2 (N.D. Cal. Dec. 10, 2020); *Royal Palm Optical, Inc. v. State Farm Mut. Auto. Ins. Co.,* 2021 WL 1220750, at *5 (S.D. Fla. Mar. 29, 2021).

Here, too, Plaintiff's claims are barred by the clear language of the Policy and its Endorsement.  Among other things, to establish a Covered Cause Of Loss to trigger coverage, the

Policy requires "accidental direct physical loss to" Covered Property.  Yet the presence or suspected presence of a virus does not constitute the requisite "accidental direct physical loss to" Covered Property.  Like the plaintiffs in *Muriel's*, *Q Clothier*, *Lafayette*, and *St. Pierre*, Plaintiff does not allege that the insured property sustained any tangible physical damage.  Nor do Plaintiff's alleged losses due to the "Executive Orders issued by the Governor of Louisiana" constitute "accidental direct physical loss to" Covered Property.  Plaintiff's alleged business losses are economic losses unrelated to an accidental direct physical loss and, as such, are not covered under the Policy or the Endorsement.  *See Q Clothier*, 2021 WL 1600247, at *7.

Moreover, the Policy's Virus Exclusion bars coverage for "any loss which would not have occurred in the absence of ... Virus."  Plaintiff's factual allegations establish that this exclusion bars its claims.  Under Louisiana law, "the insurer has the right to limit its contracted liability.  When this limitation is expressed unambiguously in its coverage exclusions, courts will enforce the provisions as written."  *Bossier Plaza Assocs. v. Nat'l Union Fire Ins. Co.*, 813 So. 2d 1114, 1119 (La. Ct. App. 2d Cir. 2002).  The Policy's plain language broadly and unambiguously excludes coverage for losses that occur as a result of a virus.  Accordingly, the Virus Exclusion bars Plaintiff's claims.

In addition, Plaintiff's allegations do not establish breach of the Endorsement's Civil Authority and Loss of Income and Extra Expense provisions.  Those provisions afford coverage for lost income and extra expenses under specific factual circumstances that are not present under Plaintiff's allegations.  *Dickie Brennan & Co. v. Lexington Ins. Co.*, 636 F.3d 683, 686-87 (5th Cir. 2011) (Louisiana law).  Coverage is also barred as a matter of law by the Policy's "Ordinance or Law," "Acts or Decisions," and "Consequential Loss" Exclusions.  For these reasons, as further explained below, Plaintiff's Petition should be dismissed for failure to state a claim.

For the foregoing reasons, State Farm respectfully requests the Court to grant its motion to

dismiss Plaintiff's Petition for failure to state a claim, with prejudice.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted, |
| DOUGLAS W. DUNHAM<br>BERT L. WOLFF<br>**DECHERT LLP**<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, NY 10036<br>(212) 698-3500 (Telephone)<br>(212) 698-3599 (Fax)<br>douglas.dunham@dechert.com<br>bert.wolff@dechert.com<br>(*pro hac vice* application pending) | */s/ David Strauss*_____<br>DAVID A. STRAUSS, #24665<br>ROBIN D. CASSEDY, #36408<br>**STRAUSS MASSEY DINNEEN LLC**<br>935 Gravier Street, Suite 1450<br>New Orleans, Louisiana 70112<br>Telephone: (504) 380-0290<br>Facsimile: (504) 332-8434<br>dstrauss@smd-law.com<br>rcassedy@smd-law.com<br><br>***Attorneys for Defendant, State Farm Fire and Casualty Company*** |